UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Keith Russell Judd**, # 11593-051, | ) | **C/A No. 3:05-1381-MBS-JRM** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| **United States of America**, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | | |

# *Background of this Case*

The petitioner is a federal prisoner at the Gregg Unit of the Low Security Federal Correctional Institution in White Deer, Pennsylvania.   He has submitted a pleading styled as a "MOTION FOR RELIEF FROM JUDGMENT IN 28 U.S.C. § 2255 PROCEEDING BY INDEPENDENT ACTION UNDER Fed.R.CIV.P., RULE 60(b); JURISDICTION UNDER Fed.R.Civ.P. 4(k)(2)." In a separately filed order, the undersigned has directed the Office of the Clerk of Court to docket the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]   In the pleading, the petitioner contends that the

---

[1]The Office of the Clerk of Court has recently implemented a new system for listing case numbers.  Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate (continued...)

1

United States District Court for the Western District of Texas lacked subject-matter jurisdiction over his criminal case.

The petitioner also writes: "This Court has jurisdiction under Fed.R.Civ.P., Rule 4(k)(2), because the U.S. District Court for the Western District of Texas, and U.S. Attorney in a fees-paid lawsuit No. MO-98-CA-167 in the same court, and the defendants are not willing to have any of the petitioner's filings in the defendant's court."  A search on the LEXIS® and WESTLAW® services reveals that the petitioner is a prolific litigator, but has had restrictions placed on his filings by at least four (4) federal courts. *See, e.g.,* Judd v. United States District Court  for Western District of Texas, 528 U.S. 5, 145 L.Ed.2d 7, 120 S.Ct. 1, 1999 U.S. LEXIS® 6586  (1999)(Supreme Court Order barring prospective filings in noncriminal cases); Keith Judd v. University of New Mexico, 204 F.3d 1041, 2000 U.S.App. LEXIS® 4477 (10th Cir. 2000), where the United States Court of Appeals for the Tenth Circuit affirmed the imposition of filing restrictions on the petitioner by the United States District Court for the District of New Mexico, and imposed its own filing restrictions upon the petitioner; and Judd v. United States District Court, Nos. 98-51118, 98-51195, 99-50023 (5th Cir., April 26, 1999), which is cited in the

---

(...continued)
Judge assignment.

opinion of the United States Court of Appeals for the Tenth Circuit in <u>Judd v.</u>

<u>University of New Mexico</u>, <u>supra</u>.

The Order of the Supreme Court of the United States in <u>Judd v. United</u>

<u>States District Court  for Western District of Texas</u> outlined the petitioner's

penchant for frivolous litigation:

> *PER CURIAM.*
>
> *Pro se* petitioner Judd seeks leave to proceed *in forma pauperis* under Rule 39 of this Court. We deny this request as frivolous pursuant to Rule 39.8. Judd is allowed until November 2, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1. We also direct the Clerk not to accept any further petitions for certiorari or petitions for extraordinary writs from Judd in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.
>
> Judd has abused this Court's certiorari and extraordinary writ processes. On May 30, 1995, we invoked Rule 39.8 to deny Judd in forma pauperis status with respect to a petition for an extraordinary writ. *See In re Judd*, 515 U.S. 1101, 115 S.Ct. 2244, 132 L.Ed.2d 253. Prior to this Rule 39.8 denial, Judd had filed six petitions for certiorari, all of which were both frivolous and had been denied without recorded dissent. Since the Rule 39.8 denial, Judd has filed four petitions for certiorari, all of which were also frivolous and denied without recorded dissent. The instant petition for certiorari thus brings Judd's total number of frivolous filings to 12.
>
> We enter the order barring prospective filings for the reasons discussed in *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) *(per*

*curiam).* Judd's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Judd from petitioning to challenge criminal sanctions which might be imposed on him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our processes.

　　　*It is so ordered.*

Judd v. United States District Court for Western District of Texas, supra, 528

U.S. at 5-6.

　　　In 2003, the United States Court of Appeals for the Fifth Circuit

reiterated its earlier pre-filing injunction affecting the petitioner:

　　　　　Keith Russell Judd, a federal prisoner (# 11593-051), filed this action in the guise of a 28 U.S.C. § 2241 habeas petition, in a thinly-veiled attempt to avert several sanction orders that this court has entered against him previously. On April 30, 2003, this court directed the clerk of this court to refuse to file any *pro se* appeal concerning "any order or judgment entered in Judd's criminal proceeding, United States District Court Cause Nos. MO-98-CR-93 or MO-98-059M," unless he submitted proof of the satisfaction of prior sanctions. *United States v. Judd*, 67 Fed.Appx. 248 (5th Cir.2003). Judd's current action is just the latest of scores of frivolous attempts to challenge rulings in that same criminal proceeding. This frivolous appeal is in violation of the April 30, 2003, sanction order, and it is DISMISSED accordingly. Judd is ORDERED to pay another sanction in the amount of $105, payable to the clerk of this court.

　　　　　The court hereby updates and consolidates its previous sanction orders. The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any action, appeal, motion, or pleading by Judd unless Judd

4

submits proof of the satisfaction of his monetary sanctions. Only one exception applies to this general sanction: In accordance with this court's order in *In re Judd*, No. 03-50562 (5th Cir. June 30, 2003), Judd is authorized to submit in this court a nonfrivolous application for authorization to file a successive 28 U.S.C. § 2255 motion to vacate. As this court has warned Judd before, attempts to file frivolous pleadings including a frivolous motion for authorization — will invite the imposition of further sanctions.

Judd v. Winn, 81 Fed.Appx. 479, 2003 U.S.App. LEXIS® 23718, 2003 WESTLAW® 22734689 (5th Cir., November 20, 2003).[2] Moreover, the United States Court of Appeals for the District of Columbia Circuit has dismissed two of the petitioner's recent appeals because he is "struck out" under the Prison Litigation Reform Act (PLRA). *See, e.g.,* Judd v. Lappin, 2005 U.S. App. LEXIS® 6543 [no WESTLAW® citation available] (D.C. Cir., April 14, 2005); and Judd v. Lappin, 2004 U.S. App. LEXIS® 27431, 2004 WESTLAW® 3019537 (D.C. Cir., December 30, 2004).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death

---

[2]The Order of the United States Court of Appeals for the Fifth Circuit affects all nine (9) federal judicial districts in the Fifth Circuit.

Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro*

---

[3]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition, which raises claims under 28 U.S.C. § 2255, should be transferred to the district where the petitioner is confined.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133, 1999 U.S.App. LEXIS® 7308 (10th Cir. 1999), or construct the petitioner's legal arguments for him or her, Small v. Endicott, 998 F.2d 411, 417-418, 1993 U.S.App. LEXIS® 15010 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court.  *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  "If the petition be frivolous or patently absurd

on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See* <u>Rumsfeld v. Padilla</u>, 72 U.S.L.W. 4584, 159 L.Ed.2d 513, 124 S.Ct. 2711, 2004 U.S. LEXIS® 4759 (2004); <u>al-Marri v. Rumsfeld</u>, 360 F.3d 707, 2004 U.S.App. LEXIS® 4445 (7th Cir.), *cert. denied*, 73 U.S.L.W. 3205, 160 L.Ed.2d 11, 125 S.Ct. 34, 2004 U.S. LEXIS® 5524 (2004); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-500 (1973); <u>Rheuark v. Wade</u>, 608 F.2d 304, 305 (8th Cir. 1979); and <u>Cox v. Federal Bureau of Prisons</u>, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).

The petitioner is confined at the Gregg Unit of the Low Security Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"). There is no indication that the petitioner has ever been confined in the District of South Carolina. Indeed, it appears that the petitioner either chose the District of South Carolina at random or chose the District of South Carolina because he is not under a pre-filing injunction here.

8

In Norris v. Georgia, supra, the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in Norris effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. Norris v. Georgia, 357 F. Supp. 1200 (W.D.N.C. 1973). In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" Norris v. Georgia, supra, 522 F.2d at 1009 n. 2.

Under the holding in Norris v. State of Georgia, the Warden of FCI-Allenwood cannot be reached by service of process issued by the United States District Court for the District of South Carolina. Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Moreover, the Warden of FCI-Allenwood cannot be served by mail from the District of South Carolina. Norris v. State of Georgia, supra, 522 F.2d at 1009 n. 2.

Moreover, if this case were transferred to the United States District Court for the Middle District of Pennsylvania,[4] the petitioner would have the

---

[4]FCI-Allenwood is located in the Middle District of Pennsylvania, according to the
(continued...)

9

benefit of the "delivery" date on which he mailed the pleadings in the above-

captioned case to the Clerk Office of the United States District Court for the

District of South Carolina: April 25, 2005.  Houston v. Lack, 487 U.S. 266, 101

L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988).

# *Recommendation*

Accordingly, it is recommended that the § 2241 petition be transferred

to the United States District Court for the Middle District of Pennsylvania.  *See*

Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty

to screen habeas corpus petitions and eliminate burden placed on

respondents caused by ordering an unnecessary answer or return), *cert.*

*denied*, 400 U.S. 906 (1970).  *Cf.* Toney v. Gammon, 79 F.3d 693, 697, 1996

U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily

dismissed if the record clearly indicates that the petitioner's claims are either

---

(...continued)
Federal Bureau of Prisons' website (www.bop.gov/locations/institutions.alf.jsp).  If the
petitioner had actually been confined in the District of South Carolina, the undersigned
would have issued a Report and Recommendation for Summary Dismissal of the petition
in the above-captioned case under the holding in San-Miguel v. Dove, 291 F.3d 257, 2002
U.S.App. LEXIS® 9581 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938,
154 L.Ed.2d 242, 123 S.Ct. 46, 2002 U.S. LEXIS® 7311 (2002), and *cert. denied*, Young
v. Conley, 537 U.S. 938, 123 S.Ct. 46, 2002 U.S. LEXIS® 7310 (2002).  The holding in
Rumsfeld v. Padilla, supra, requires that a § 2241 petition be brought where the petitioner
is confined and precludes the United States District Court for the District of South Carolina
from addressing the merits (or lack thereof) of the petition.

barred from review or without merit."); <u>Baker v. Marshall</u>, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.   The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

May 18, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &

## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**